# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:13-cv-556-FDW

| | |
|---|---|
| YILIAN OSNARQUE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | |
| RANDY REGISTER, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on an initial review of the application for a writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2254. For the reasons that follow, Petitioner's will be dismissed as untimely.

## I.     BACKGROUND

Petitioner is a prisoner of the State of North Carolina. According to his verified habeas petition, Petitioner was sentenced on September 6, 2005, following his entry of guilty pleas in Mecklenburg County Superior Court, on two counts of trafficking in heroin (04-CRS-253457; 04-CRS-253458) and one count of conspiracy to traffic in heroin (04-CRS-253429). Petitioner was sentenced to a term of 215 to 269 months in the custody of the North Carolina Department of Public Safety ("DPS").  Petitioner did not file a direct appeal from this judgment.

Petitioner contends that he filed a motion for appropriate relief ("MAR") in the Mecklenburg County Superior Court on December 17, 2012, but he has yet to receive a response from the superior court. (Doc. No. 1 at 1-3). In his MAR, Petitioner argued that the sentence imposed in 2005 was unauthorized, illegal, or otherwise invalid as a matter of law based on the

1

substantial assistance he provided to the State. Petitioner explains that with no response from the superior court, he could not file a petition for a writ of certiorari with the North Carolina Court of Appeals to seek further review. (Id. at 4).

This federal habeas petition follows. Petitioner raises the same ground for relief as he urged in his MAR and three other claims related to the legality of his sentence. In sum, Petitioner contends that his plea of guilty was not knowingly and voluntarily entered because he received ineffective assistance of counsel. Petitioner argues that his counsel failed to inform the district attorney that he would accept the State's offer to plead guilty to attempted trafficking in heroin which would carry a term of 44 to 62 months' imprisonment. (Id. at 8). Instead, Petitioner somehow received the present sentence he is serving of 215 to 269 months.

## II. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Cases provides that the district court must promptly examine the habeas petition and any attached exhibits and determine whether the petitioner is entitled to any relief. If the court finds that the petitioner is not entitled to relief, the petition must be dismissed on this initial review and the court must direct the clerk to notify the petitioner.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, provides in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

According to the record before this Court, Petitioner did not file a direct appeal from his state judgment; therefore the judgment was final for purposes of federal habeas review in September 2006, or one year after the state court entered judgment. When addressing the issue of timeliness, Petitioner states that his sentence is "illegal" and appears to contend that his habeas petition is timely under § 2244(d)(1)(C), based on a recent Supreme Court decision in <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012). (Doc. No. 1 at 13, 18).

The Supreme Court filed its decision in <u>Missouri v. Frye</u> on March 21, 2012, and Petitioner contends that he filed his MAR in Mecklenburg County Superior Court on December 17, 2012, in an effort to obtain relief from his judgment. Petitioner argued before the state post-conviction court, as he does here, that his sentence is illegal because he received ineffective assistance of counsel during his plea negotiations. The Court accepts as true, for purposes of this hearing, that Petitioner did not receive a response from the State court regarding the disposition of his MAR. However, even assuming that fact, Petitioner's motion is still untimely and must be dismissed because the Supreme Court did not recognize a new constitutional right that has been made retroactive to cases on collateral review.

In fact, the many courts that have considered the issue of retroactivity have held that the decision in Frye is not retroactive to cases on collateral review because the Supreme Court did not announce a new rule of constitutional law. See In Re Graham, 714 F.3d 1181, 1182-83 (10th Cir. 2013) (per curiam) (finding that although Frye addresses the Sixth Amendment right to counsel in the context of plea negotiations, the case does not establish a new rule of constitutional law; rather, Frye applied well-known principles that were established in Strickland v. Washington, 466 U.S. 668 (1984)); see also In re Perez, 682 F.3d 930, 932-34 (11th Cir. 2012); In re King, 697 F.3d 1189 (5th Cir. 2012) (per curiam opinion agreeing with the holding in the Eleventh Circuit's opinion in the case of In re Perez).

According to the provisions of § 2244(d)(1), Petitioner must have filed the present Section 2254 petition in September 2006, or one-year after his criminal judgment became final. Petitioner's Section 2254 petition, filed at the earliest on October 1, 2013, is therefore nearly 7 years out of time and is due to be dismissed unless Petitioner can establish a credible case for equitable tolling.[1]

After reviewing the petition, the Court finds that Petitioner cannot. A habeas petition may be examined on the merits, in very limited circumstances, if it is untimely under § 2244(d). See Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549 (2010). A petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. at ___, 130 S. Ct. at 2565 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

In his § 2254 petition, Petitioner offers no reason why he did not file a direct appeal or a timely post-judgment motion for relief with the trial court following entry of judgment.

---

[1] Petitioner clearly appreciates that his petition is untimely and the Court finds that no warning needs to be issued prior to sua sponte dismissal on this ground. See Hill v. Braxton, 277 F.3d 701, 706-07 (4th Cir. 2002).

Petitioner was no doubt present with counsel during his plea colloquy and would not have missed the fact that he received a sentence of 215 to 269 months rather than the 44 to 62 month term that he believed the district attorney had offered. Based on this record, the Court finds that Petitioner has not established a credible case for equitable tolling.

For the foregoing reasons, the Court finds that the habeas petition should be dismissed.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's application filed under 28 U.S.C. § 2254 is **DISMISSED** as untimely. (Doc. No. 1). The Clerk of Court is respectfully directed to close this case and notify the Petitioner.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 18, 2013

Frank D. Whitney
Chief United States District Judge

5